```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
FRED SPAGNOLA, individually and on behalf of      :
all those similarly situated,                     :
                                                  :
                    Plaintiff,                    :
                                                  :
       -against-                                  :
                                                  :
THE CHUBB CORPORATION, FEDERAL                    :     06 Civ. 9960 (HB)
INSURANCE COMPANY, GREAT NORTHERN                 :
INSURANCE COMPANY, JOHN D. FINNEGAN               :
and THOMAS F. MOTAMED,                            :
                                                  :
                    Defendants.                   :
------------------------------------------------------------------------x     OPINION & ORDER
JONATHAN A. BERNSTEIN, individually and on        :
behalf of all those similarly situated,           :
                                                  :
                    Plaintiff,                    :
                                                  :
       -against-                                  :
                                                  :
THE CHUBB CORPORATION, FEDERAL                    :     08 Civ. 193 (HB)
INSURANCE COMPANY, GREAT NORTHERN                 :
INSURANCE COMPANY, JOHN D. FINNEGAN               :
and THOMAS F. MOTAMED,                            :
                                                  :
                    Defendants.                   :
------------------------------------------------------------------------x
```

**Hon. HAROLD BAER, JR., United States District Judge:**

On January 7, 2010, I issued an Opinion & Order that, *inter alia*, granted defendants' motion to deny class certification in this case involving a dispute over homeowners' insurance policies, and on July 15, 2010 the Court of Appeals granted plaintiffs' petition for interlocutory review of that decision. On October 5, 2010, I denied the defendants' motion to dismiss and plaintiffs' cross motion to compel discovery pending the resolution of the class certification issue on appeal. On August 09, 2011, the Court of Appeals issued the following mandate:

> Upon due consideration, IT IS HEREBY ORDERED that the district court's January 7, 2010 Opinion & Order is VACATED to the extent that it granted Appellees' motion to deny class certification, and the case is REMANDED to the district court for further consideration in light of the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541[.]

1

(Dkt. # 137.). On September 22, 2009 I held a pretrial conference and ordered briefing on the issue of how *Wal-Mart* affects the analysis of commonality in the present case, and on October 31, 2011 the parties submitted their briefs. For the following reasons and following a review of *Wal-Mart* as directed by the Circuit, I once again grant defendants' motion to deny class certification.

In *Wal-Mart*, the Supreme Court reversed the Ninth Circuit and held that the plaintiff failed to satisfy the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(2) in a case involving the alleged denial of equal pay and promotions based on sex. 131 S. Ct. at 2547, 2557. So far as I can ~~devise~~tell, the Court of Appeals, while it did not issue an opinion, intended ~~for me~~ to provide me with an opportunity to interpret ~~have a first crack at interpreting~~ how any intervening change in class certification law wrought by the Supreme Court in *Wal-Mart* would impact my decision here. In my January 7, 2010 Opinion & Order, I granted defendants' motion to deny class certification because plaintiffs failed to meet the requirements of adequacy of representation, predominance and superiority, notwithstanding my finding that commonality was satisfied "if only barely." *Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 94 (S.D.N.Y. 2010). The issue in *Wal-Mart* applicable to *Spagnola* is the issue of commonality under Rule 23(a)(2), and even if *Wal-Mart* were to change my analysis of commonality, it would not affect the final decision to deny class certification, which was based on other grounds. Nevertheless, for the reasons set forth below, *Wal-Mart* has no effect on my analysis of commonality in this case.

*Wal-Mart* clarifies that to satisfy the commonality requirement, a plaintiff must do more than simply show that there is at least one common issue of law or fact. A plaintiff must show that its claims rest upon a "common contention…that [] is capable of classwide resolution— which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 131 S. Ct. at 2551. "'What matters to class certification…is not the raising of common questions. . . but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.'" *Id.* (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. REV. 97, 132 (2009)) (emphasis in original).

Here, plaintiffs' remaining breach of contract claim is based on the theory that defendants increased coverage and premiums in a way that did not reflect current costs and values. Defendants argue that plaintiffs cannot satisfy commonality because their differing

interpretations of the contract at issue indicated that there was no common questions of law or fact between prospective representatives and the class. However, as I noted in my January 7, 2011 decision, "the claims at issue in this case bear at least two common questions: (a) the meaning of the term 'current costs and values' and its relationship to CPI, and (b) whether the methodology that was actually used to raise coverage was permitted under the contract." *Spagnola*, 264 F.R.D. at 94-95. *Wal-Mart* has no effect on the fact that "whatever the contract meant, it had the same meaning with respect to all policyholders, and the final determination of that meaning does not depend on [the representative plaintiffs'] own subjective understanding." *Id.* at 94. The meaning of the contract language is certainly an issue that is central to the validity of the claim for breach of contract. Despite *Wal-Mart* potentially raising the bar for commonality in some cases, the plaintiffs here, as noted in my earlier decision, make a showing sufficient to pass muster, if only barely.[1]

Notwithstanding the foregoing, because *Wal-Mart* has no effect on any of the other elements of Rule 23 applicable here and for the reasons set forth in my January 7, 2010 Opinion & Order, plaintiffs cannot satisfy the elements of adequacy of representation, predominance, and superiority. *Spagnola*, 264 F.R.D. at 91-99. Therefore, I hold that defendants' motion to deny class certification is again granted. Unless the plaintiffs appeal this order pursuant to Rule 23(f), both outstanding motions will be presumed renewed and the pretrial scheduling order originally entered into will be reviewed and the parties will be notified if another pretrial conference is necessary.

SO ORDERED.

New York, New York
November __, 2011

HAROLD BAER, JR.
United States District Judge

---

[1] Similarly, Judge Rakoff recently found that *Wal-Mart* had "no effect" on his determination of the commonality prong in *Pub. Employees Retirement System of Miss., et al., v. Merrill Lynch & Co., Inc., et al.*, 08 Civ. 10841, 2011 WL 3652477, at *7. The common questions in that case—whether the defendants' registration certification statements of contained false or misleading statements or material omissions, known as "Offering Documents"—"[were] clearly susceptible to common answers." *Id.* An analysis of the language contained within the contract at issue here, like the Offering Documents in *Pub. Employees Retirement System of Miss*, will generate a common answer apt to drive the resolution of the litigation.

3